IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TAMMY HERFORD,**<br>  Plaintiff,<br><br>v.<br><br>**HAMSTER, LLC AND DAVYD YUDIN,**<br>  Defendants. | **Civil Action No. 3:24-cv-00097**<br><br>**Judge Richardson/Frensley** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff's motion to strike Defendant David Yudin's answer and enter a default. Docket No. 73. Plaintiff moves the court to strike the Defendant's answer as a discovery sanction based upon the Defendant's failure to participate in discovery and comply this Court's prior discovery orders. Id. The Defendant has filed a response to the motion requesting that the Court decline to enter default as a sanction. Docket No. 74. For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion for entry of default be **GRANTED**.

### I. BACKGROUND

This is a personal injury complaint filed against the Defendants arising out of an automobile accident that occurred in Rutherford County, Tennessee on February 23, 2023. Docket No. 28. Plaintiff alleges that as a result of the Defendants' actions, she suffered severe injuries and losses entitling her to recover damages. Id.

The Court entered a scheduling order in this matter on October 15, 2024. Docket No. 51. Among the deadlines set forth in the case management order was a deadline for the completion of discovery by July 1, 2025. Id. On February 28, 2025, Plaintiff served Defendant Davyd Yudin with written discovery requests. Docket No. 73. Defendant failed to respond to the requests within

the time allowed under the Federal Rules of Civil Procedure, resulting in the Plaintiff filing a discovery dispute statement and requesting a discovery conference with the Court. Docket No. 67. The Court held a case management conference with the Parties to discuss the discovery dispute on August 22, 2025. Docket No. 68. Following the conference, the Court entered an Order requiring the Defendant to respond to the outstanding discovery requests by September 5, 2025. Docket No. 72. The Court further indicated that no additional extensions would be granted. Finally, the Defendant was "forewarned that failure to cooperate in discovery may result in sanctions up to and including entry of judgment against him." Id.

On October 2, 2025, the Plaintiff filed the instant motion to strike Defendant's answer and enter default against him. Docket No. 73. The Plaintiff represents that despite the Court's order, the Defendant has failed to respond to the discovery requests by the deadline imposed by the Court and has offered no explanation, justification or motion for relief from the Court's prior order. Id. The Plaintiff seeks entry of default against the Defendant as a discovery sanctions based on his failure to comply with the Federal Rules of Civil Procedure and this Court's specific order regarding discovery.

The Defendant has filed a response in opposition to the motion, The Defendant does not dispute the assertions in the Plaintiff's motion but argues that given the extreme sanction of default, the Court should exercise its authority to impose a lesser sanction. Docket No. 74.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 37 of the Federal Rules of Civil Procedure authorizes default judgment as a sanction for a party's failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Sixth Circuit has commented that "[j]udgment by default is a drastic step which should be

resorted to only in the most extreme cases." *Prime Rate Premium Finance Corporation, Inc. v Larson,* 930 F. 3d 759, 769 (6th Cir. 2019)(citations omitted). Notwithstanding this, it is not an abuse of discretion for a district court to enter default judgment where a "party has the ability to comply with a discovery order and does not." *Hampton v Madison County, Tennessee*, 2022 WL 17438317, at *2 (6th Cir. November 7, 2022). In the end, "[e]ntry of default judgment against a party for failure to cooperate in discovery is a sanction of last resort and may not be imposed unless non-compliance was due to willfulness, bad faith, or fault." *Thurmond v County of Wayne,* 447 Fed App'x 643, 647 (6th Cir. 2011).

Rule 37(b)(2)(A) specifically identifies sanctions courts may impose for a party's non-compliance up to and including the dismissal of the case or default judgment. *Id.* Courts consider four factors to determine whether default judgment is an appropriate sanction for a party's failure to comply with a discovery requirement or other court order: 1) whether the defaulting party's failure to cooperate with discovery was willful and in bad faith as opposed to an inability to cooperate; 2) whether the adversary was prejudiced; 3) whether the defaulting party was warned that his failure to cooperate could lead to a default judgment; and 4) whether less drastic sanctions were imposed or considered before the default judgment was ordered. *Stooksbury v, Ross*, 528 Fed. App'x. 547, 552-53 (6th Cir. 2013).

**B.     Plaintiff's Motion**

Recognizing the seriousness of the relief requested and the desire to resolve matters on the merits, the Court nonetheless finds that the requested sanction of default judgment is appropriate in consideration of the four factors the Court must consider regarding the imposition of sanctions under Rule 37. Specifically, the Court finds that each of the four factors is met in this case and that no lesser sanction would be adequate to cure the prejudice to the Plaintiff.

The material facts regarding the discovery are undisputed. Plaintiff served written discovery to the Defendant on February 28, 2025. Docket No. 73. The Plaintiff attempted to accommodate the Defendant in responding to the discovery request allowing significant additional time for responses Nonetheless, the Defendant did not respond and the Plaintiff was required to file a discovery dispute statement and request the Court's intervention on August 13, 2025. Docket No. 67. The Court held a case management conference to address the discovery dispute and afforded the Defendant additional time to respond to the written discovery requests. Docket No. 72. The Court ordered no further sanctions at that time. Id. Notwithstanding the foregoing, the Defendant has failed to comply with the Court's order or provide responses to the outstanding discovery. The Defendant does not dispute the Plaintiff's representations. Docket No. 74. Based on the foregoing, the Court finds that the Defendant failed to cooperate in discovery and that the failure was willful and in bad faith. The Defendant has had repeated opportunities to comply with the rules and this Court's orders but has failed to do so. Additionally, the Defendant has offered no explanation as to why he has failed to comply, nor has he indicated that he has an inability to reply. Thus, this factor weighs strongly in favor of the sanction of default judgment.

The remaining factors are likewise not seriously in dispute. The Plaintiff has made numerous efforts to obtain responses to the discovery from the Defendant and has been forced to file a discovery motion and seek the Court's intervention. Further, the deadline for completion of discovery has passed and this matter is proceeding to trial without the Defendants participation. This is sufficient to establish prejudice from the Defendants' discovery abuse.

In the Court's prior order extending the deadline for the Defendant to respond to the discovery requests, the Court specifically instructed the Defendant that his failure to participate in discovery and comply with the Court's order may result in sanctions up to and including entry of

judgment against him. Docket No. 72. This Order clearly put Defendant on notice that continuing violation of his discovery obligations could result in a default judgment thus, this factor is met. With respect to the final factor, while the Court has not previously sanctioned Defendant for his discovery related conduct, the Defendant has nonetheless been on notice of the possibility of default judgment. Notwithstanding this, the Defendant still did not comply with the Court's order to participate in discovery and respond to the outstanding requests. Because the Court has previously discussed the discovery dispute with the parties, afforded the Defendant additional time to comply with his discovery obligations and specifically advised the Defendant that his failure to do so may result in sanctions including default judgement and he has still failed to participate and comply with the Court's orders there is no lesser sanction available or appropriate.

For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion to strike Defendant David Yudin's answer and enter a default (Docket No. 73) be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**