IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAMMY HERFORD, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | NO. 3:24-cv-00097 |
| v. | ) ) | JUDGE RICHARDSON |
| HAMSTER LLC, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 80, "R&R") of the Magistrate Judge, which recommends that the Court grant the "Motion to Strike Defendant Davyd Yudin's Answer and Enter a Default," (Doc. No. 73, "Motion"),[2] filed by Plaintiff, Tammy Herford. No objections to the R&R have been filed and the time for filing objections has now expired.[3]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety and includes it here for reference.

> This is a personal injury complaint filed against the Defendants arising out of an automobile accident that occurred in Rutherford County, Tennessee on

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Court notes here for context that although the Motion is titled in terms of seeking an "entry of default," the Motion is really seeking an entry of *default judgment*, which the Magistrate Judge recommended be entered and which, absent any objection, the undersigned enters herein.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on November 26, 2025. As of December 15, 2025, no party has filed any objections.

> February 23, 2023. Docket No. 28. Plaintiff alleges that as a result of the Defendants' actions, she suffered severe injuries and losses entitling her to recover damages. *Id.*
>
> The Court entered a scheduling order in this matter on October 15, 2024. Docket No. 51. Among the deadlines set forth in the case management order was a deadline for the completion of discovery by July 1, 2025. *Id.* On February 28, 2025, Plaintiff served Defendant Davyd Yudin with written discovery requests. Docket No. 73. Defendant failed to respond to the requests within the time allowed under the Federal Rules of Civil Procedure, resulting in the Plaintiff filing a discovery dispute statement and requesting a discovery conference with the Court. Docket No. 67. The Court held a case management conference with the Parties to discuss the discovery dispute on August 22, 2025. Docket No. 68. Following the conference, the Court entered an Order requiring the Defendant to respond to the outstanding discovery requests by September 5, 2025. Docket No. 72. The Court further indicated that no additional extensions would be granted. Finally, the Defendant was "forewarned that failure to cooperate in discovery may result in sanctions up to and including entry of judgment against him." *Id.*
>
> On October 2, 2025, the Plaintiff filed the instant motion to strike Defendant's answer and enter default against him. Docket No. 73. The Plaintiff represents that despite the Court's order, the Defendant has failed to respond to the discovery requests by the deadline imposed by the Court and has offered no explanation, justification or motion for relief from the Court's prior order. *Id.* The Plaintiff seeks entry of default against the Defendant as a discovery sanction based on his failure to comply with the Federal Rules of Civil Procedure and this Court's specific order regarding discovery.
>
> The Defendant has filed a response in opposition to the motion, The Defendant does not dispute the assertions in the Plaintiff's motion but argues that given the extreme sanction of default, the Court should exercise its authority to impose a lesser sanction. Docket No. 74.

(Doc. No. 80 at 1-2) (footnotes omitted). The Magistrate Judge concluded that Plaintiff's Motion should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 80) is adopted and approved, and Plaintiff's Motion (Doc. No. 73) is **GRANTED**. Accordingly, Clerk is **DIRECTED** to strike Defendant Davyd Yudin's answer (Doc. No. 54), and to enter a default judgment against Defendant Davyd Yudin.[4]

---

[4] Via the Motion, Plaintiff also requests a hearing date to determine damages as to Defendant Davyd Yudin pursuant to Fed. R. Civ. P. 55(b)(2). In light of the November 7, 2025 hearing on damages as to Defendant Hamster LLC and Defendant Mikhail V. Yudin and in light of the Court's order (Doc. No. 79) entering a default judgment "in the total amount of $998,700.00 reflecting the sum of $248,700.00 in economic

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

damages and $750,000.00 in non-economic damages," including "post-judgment interest," against Defendant Hamster LLC and Defendant Mikhail V. Yudin, (*id.*), the Court will issue an additional order to clarify whether a damages hearing is still needed with respect to Defendant Davyd Yudin.